

# SEALED

MICHAEL J. McCUE (Bar No. 6055)
MMcCue@LRLaw.com
JONATHAN W. FOUNTAIN (Bar No. 10351)
JFountain@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiffs
FIRST TIME VIDEOS LLC and
ROBERT H. SIMYAR

2:11-CV-992-KJD-LRL

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FIRST TIME VIDEOS LLC, a Nevada limited liability company and ROBERT H. SIMYAR, <br><br> Plaintiffs, <br><br> v. <br><br> SUPERSTAR MEDIA LABS, LLP, an Arizona limited liability partnership, and REGAN SCOTT FRANKS II, an individual, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> (JURY DEMAND) |

For its Complaint, Plaintiff First Time Videos LLC ("FTV") and Plaintiff Robert H. Simyar ("Mr. Simyar") (together "Plaintiffs") allege the following against Defendant Superstar Media Labs, LLP ("SML") and Defendant Regan Scott Franks II ("Franks") (together "Defendants"), as follows.

### NATURE OF THE CASE

This is an action for trademark counterfeiting, trademark infringement and unfair competition under the Lanham Act arising from Defendants' production and sale of counterfeit DVDs bearing Plaintiffs' federally registered trademark. Plaintiffs seek damages, attorneys' fees, costs, and temporary, preliminary and permanent injunctive relief.

///

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a), because Plaintiffs' claims create a federal question arising under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), (c) and (d).

2. This Court has personal jurisdiction over Defendants based upon the following: (a) Defendants own and operate interactive Internet websites, including <dvdsuperstars.com> and <dvdvhotties.com>, that are accessible to residents of the State of Nevada and enable residents to purchase DVDs and receive them by shipment to the residents' address in the State of Nevada; (b) Defendants have sold DVDs to residents of the State of Nevada, including counterfeit DVDs that violate Plaintiffs' trademark rights; (c) Defendants have committed intentional tortious acts outside of the State of Nevada that they knew or should have known would cause injury to Plaintiffs in the State of Nevada; and (d) it would be reasonable for the Court to exercise personal jurisdiction over the Defendants.

3. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391(d). Venue lies in the unofficial Southern division of this Court.

## PARTIES

4. Plaintiff First Time Videos LLC ("FTV") is a limited liability company formed under the laws of the State of Nevada, having its principal place of business at 7582 Las Vegas Boulevard South, Suite 134, Las Vegas, Nevada, 89123.

5. Plaintiff Robert H. Simyar ("Mr. Simyar") is an individual who resides in Las Vegas, Nevada. Mr. Simyar is the Managing Member of FTV.

6. Defendant Superstar Media Labs, LLP ("SML") is an Arizona limited liability partnership. Upon information and belief, Superstar conducts business from 454 E. 52nd Street, Long Beach, California 90805-6404.

7. Defendant Regan Scott Franks II ("Franks") is an individual who, upon information and belief, resides at 454 E. 52nd Street, Long Beach, California 90805-6404. Upon information and belief, Franks is the General Partner of SML. Upon information and belief, Franks controls and directs the infringing activities of SML and profits from such infringing

conduct. Upon information and belief, Franks and SML are the alter egos of one another and each is liable for the acts of the other.

## ALLEGATIONS COMMON TO ALL COUNTS

8. FTV is the exclusive owner of: (a) United States trademark registration number 3,264,607 for the FTV FIRST TIME VIDEOS mark for use in connection with "[e]ntertainment services, namely, providing an on-line subscription service featuring images and video recordings in the nature of adult entertainment and providing a website featuring images and video recordings in the nature of adult entertainment; production and distribution of adult entertainment recordings; and providing adult entertainment information."; and (b) United States trademark registration number 3,391,879 for the FTV FIRST TIME VIDEOS mark for use in connection with "[p]re-recorded DVDs and downloadable video recordings featuring adult entertainment" (collectively, the "FTV Marks").

9. Based on Plaintiffs' ownership of United States trademark registrations for the FTV Marks and based upon Plaintiffs' continuous and extensive use of the FTV Marks in commerce since 2002, Plaintiffs own the exclusive right to use the FTV Marks in connection with the production, distribution, and sale of adult DVDs and adult videos.

10. Between 2004 and the Fall of 2008, in exchange for a percentage of revenues, FTV provided the Defendants with Plaintiffs' raw video footage and granted Defendants the right to produce finished DVDs and to distribute and sell the finished DVDs under Plaintiffs' federally registered FTV Marks. After experiencing repeated problems with Defendants' performance, including the production of poor quality DVDs and poor customer service, FTV terminated its agreement with the Defendants on November 1, 2008.

11. After discovering that Defendants were continuing to distribute and sell counterfeit DVDs using Plaintiffs' content and the FTV Marks, on May 29, 2009, Plaintiffs' counsel sent the Defendants a cease and desist letter. The letter demanded, among other things, that Defendants "[c]ease production, offering for sale and sale of any DVDs or other products using the FTV mark."

12. On May 29, 2009, Franks responded to Plaintiffs' cease and desist letter, stating:

> I will make sure we have complied with everything you demand in your letter. We have already removed many FTVGirls titles from our inventory and I will make sure the remainder are deleted over the weekend and the domain transfer is initiated.

13. On June 3, 2009, Franks sent Plaintiffs' counsel a follow-up email, stating:

> [W]e've have complied with all of your requirements. [D]omain changed all FTV titles are removed from the store and deleted from the system.

14. Notwithstanding Defendants' representations, Defendants continued to use the FTV Marks on the Internet.

15. On June 4, 2009, Plaintiffs' counsel again wrote to Defendants concerning Defendants continued use of the FTV Marks on Internet websites and identified several uses of the FTV Marks on Defendants' <dvdsuperstar.com> web site.

16. On June 4, 2009, Franks responded, claiming that the continued use of the FTV Marks on the Internet was not intentional, and promising to take the <dvdsuperstar.com> site offline:

> Sorry about that, not intentional. I've gone ahead and taken that site offline.

17. Notwithstanding Franks' claim that he had taken the <dvdsuperstar.com> website offline, FTV subsequently discovered that Defendants were continuing to use the FTV Marks to offer adult DVDs for sale on the <dvdsuperstar.com> website.

18. On June 25, 2009, Plaintiffs' counsel sent Defendants a second cease and desist letter via email.

19. On June 30, 2009, Franks responded by again claiming that he was in the process of removing the FTV Marks and content from his website:

> I have been working on this since receiving this email on the 25th. I am having to sort this out myself as I am unable to hire a tech person.
>
> At this time, I believe all FTVgirls images and references have been deleted.

20. FTV subsequently confirmed that Defendants had complied with Plaintiffs'

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-4-

587603.2

demands and FTV considered the matter resolved.

21. In May 2011, FTV discovered that Defendants were again using FTV Marks in connection with the sale of counterfeit DVDs featuring pirated FTV content. This time, however, Defendants were selling counterfeit DVDs under the FTV Marks and using Plaintiffs' content on the web site accessible at <dvdhotties.com>. The website contains an online store through which DVDs may be purchased. Its main page contains a hyperlink denominated "ftvgirls" that takes the user to a section of the website devoted exclusively to the sale of DVDs that contain Plaintiffs' copyrighted content and bear the FTV Marks. The website currently lists 219 "FTVGirl" titles for sale. The web site is owned and operated by the Defendants. However, in an effort to conceal this infringing conduct, Defendants utilized a technical measure to make the web site inaccessible to Plaintiffs or Plaintiff's counsel. This has prevented Plaintiff and Plaintiffs' counsel from discovering the infringement.

22. FTV also learned that Defendants are continuing to use the FTV Marks on the <dvdsuperstar.com> web site. The links leading to the infringing conduct are not available on the home page. However, the infringing content is on the <dvdsuperstar.com> web site and is accessible through links in Google search results.

23. On or about May 20, 2011, FTV retained an investigator to order an FTV-branded DVD from Defendants' <dvdhotties.com> website. On May 25, 2001, Defendants shipped the DVD by mail to the investigator's address in Henderson, Nevada. The spine of the DVD case states "FTV FIRST TIME VIDEO GIRLS." The cover of the DVD case states "FIRST TIME VIDEO GIRLS." And the DVD disc itself states "FTV First Time Videos." The shipping label states that the package was sent by "SUPERSTAR MEDIA LABS, 454 E. 52ND STREET, LONG BEACH, CA 90805-6404."

24. In addition to the foregoing, the Defendants have accessed Plaintiffs' Internet website <ftvgirls.com> using the name "Regan Franks." The Defendants have willfully copied copyrighted content from the website, including adult video footage. The Defendants have used the copied content to create and distribute adult videos and DVDs that are substantially similar to Plaintiffs' copyrighted content. By doing so, the Defendants have willfully infringed Plaintiffs'

copyrights.

## COUNT I
(Trademark Counterfeiting under
the Lanham Act, 15 U.S.C. § 1114(1))

25. Plaintiffs incorporate the allegations in the preceding paragraphs as if full set forth herein.

26. Without Plaintiffs' consent, the Defendants used a spurious mark that is identical or substantially indistinguishable from the FTV Marks on good, labels, and packages and in advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods with which such use is likely to cause confusion, or to cause mistake, or to deceive.

27. As a direct and proximate result of Defendants' infringement, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

28. Defendants' conduct constitutes willful counterfeiting.

29. Pursuant to 15 U.S.C. §§ 1117(b) and (c), Defendants are liable for, at Plaintiffs' election: (a) statutory damages in an amount up to $1,000,000 per mark infringed; or (2) an amount representing three times Plaintiffs' damages and Defendants' illicit profits; and (3) Plaintiffs' reasonable attorneys' fees.

## COUNT II
(Trademark Infringement under
the Lanham Act, 15 U.S.C. § 1114(1)(a))

30. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

31. Defendants' use of the FTV Marks constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiffs' FTV Marks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

32. As a direct and proximate result of Defendants' infringement, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

587603.2

33. Defendants' infringement was willful.

34. Defendants are liable for an amount representing three times Plaintiffs' damages and Defendants' illicit profits, as well as Plaintiffs' reasonable attorneys' fees.

**COUNT III**
(Unfair Competition under
the Lanham Act, 15 U.S.C. § 1125(a))

35. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

36. Defendants' use of the FTV Marks in commerce constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to an affiliation, connection, or association with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiffs.

37. As a direct and proximate result of such unfair competition, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

38. Defendants are liable for an amount representing three times Plaintiffs' damages and Defendants' illicit profits, as well as Plaintiffs' reasonable attorneys' fees.

**COUNT IV**
(Copyright infringement under the
Copyright Act of 1976, 17 U.S.C. § 501)

39. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

40. Plaintiffs own exclusive copyrights in and to its adult video content.

41. Without Plaintiffs' authorization, Defendants have obtained access to Plaintiffs' copyrighted adult video content by accessing Plaintiffs' Internet website <ftvgirls.com> using the fictitious name "Regan Franks."

42. Without Plaintiffs' authorization, Defendants have taken copyrighted adult video content from Plaintiffs' website and have used such content to create counterfeit videos and DVDs. Without Plaintiffs' authorization, Defendants are distributing, by sale, counterfeit adult

videos and DVDs that are identical or substantially similar to Plaintiffs' copyrighted adult videos and DVDs.

43. The Defendants' infringement was, and continues to be, willful, intentional, purposeful, and in disregard of and with indifference to Plaintiffs' rights.

44. Plaintiffs have suffered actual damages including lost revenue as a result of not being paid for the copies of its adult video content sold by Defendants to third parties.

45. Defendants have profited and continue to profit from their infringement of Plaintiffs' copyrights in the form of revenues received from the sales of counterfeit videos and DVDs.

46. As the direct and proximate result of Defendants' infringement of Plaintiffs' exclusive rights in its copyrighted video content, Plaintiffs are entitled to actual damages, including Defendants' profits from the infringement, as will be proven at trial. Alternatively, at Plaintiffs' election, Plaintiffs are entitled to maximum statutory damages, in the amount of $150,000 or such other amounts as may be proper under 17 U.S.C. § 504(c).

47. Plaintiffs are also entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

48. Defendants' conduct is causing, and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measured in money damages. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to a temporary, preliminary, and permanent injunction prohibiting infringement of Plaintiffs' exclusive copyrights. In addition, pursuant to 17 U.S.C. § 503, Plaintiffs are entitled to impoundment and destruction of all unauthorized copies of Plaintiffs' video content and DVDs as well as all plates, molds, matrices, masters, tapes, film negatives, or other articles used to create infringing copies of Plaintiffs' copyrighted content.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that the Court grant the following relief:

A. A temporary, preliminary and permanent injunction prohibiting Franks and Superstar, as well as Superstar's partners, officers, agents, servants, employees and/or all persons

acting in concert or participation with Franks or Superstar, from: (1) using the FTV Marks or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs (including, but not limited to, the FTV Marks) in commerce (including, but not limited to, on any website or within hidden text or metatags contained on or within any website, including the <dvdhotties.com> website and the <dvdsuperstar.com> website), in domain names, on or in connection with DVDs, on or in connection with videos displayed on the Internet, on or in connection with videos downloadable from the Internet; (2) registering or trafficking in any domain name containing the FTV Marks or any confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs; and (3) destroying, altering, moving, removing, or otherwise tampering with or disposing of: (A) all products bearing the FTV Marks; (B) all copies (whether on DVDs, hard drives or other storage media) of content (including, but not limited to, videos and photographs) containing the FTV Marks used to create counterfeit and infringing products bearing the FTV Marks; (C) all labels, packaging, DVD cases, DVD inserts, or other materials used in connection with or as part of any counterfeit product bearing the FTV Marks; and (D) all apparatus, equipment, and machines (including, but not limited to, computers, hard drives, storage devices, DVD burners, and printers) used by Defendants in connection with the creation of counterfeit products bearing the FTV Marks.

B. An order requiring Franks and Superstar, as well as Superstar's partners, officers, agents, servants, employees and/or all persons acting in concert or participation with Franks or Superstar to make available for inspection: (1) all counterfeit products bearing the FTV Marks; (2) all copies (whether on DVDs, hard drives or other storage media) of content (including, but not limited to, videos and photographs) containing the FTV Marks used to create counterfeit and infringing products bearing the FTV Marks; (3) all labels, packaging, DVD cases, DVD inserts, and other materials used in connection with or as part of the counterfeit products bearing the FTV Marks; (4) all apparatus, equipment, and machines (including, but not limited to, computers, hard drives, storage devices, DVD burners, and printers) used by Defendants in connection with the creation of counterfeit products bearing the FTV Marks.

1  C. An award of compensatory, consequential, statutory, and/or punitive damages to
2  Plaintiffs in an amount to be determined at trial, including statutory damages of up to $1,000,000
3  per counterfeit mark or, at Plaintiffs' election, treble damages.
4  D. An award of interest, costs and attorneys' fees incurred by Plaintiffs in
5  prosecuting this action; and
6  E. All other relief to which Plaintiffs are entitled.
7  DATED: this 15th day of June, 2011.

Respectfully submitted,

LEWIS AND ROCA LLP

By: _____
Michael J. McCue
Jonathan W. Fountain
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiffs
FIRST TIME VIDEOS LLC and
ROBERT H. SIMYAR