

# SEALED

MICHAEL J. McCUE (Bar No. 6055)
MMcCue@LRLaw.com
JONATHAN W. FOUNTAIN (Bar No. 10351)
JFountain@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiffs
FIRST TIME VIDEOS LLC and
ROBERT H. SIMYAR

2011 JUN 16 A 11: 13

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FIRST TIME VIDEOS LLC, a Nevada limited liability company and ROBERT H. SIMYAR, <br><br> Plaintiffs, <br><br> v. <br><br> SUPERSTAR MEDIA LABS, LLP, an Arizona limited liability partnership, and REGAN SCOTT FRANKS II, an individual, <br><br> Defendants. | Case No. 2:11cv992 KJD-LRL <br><br> **PLAINTIFFS' MOTION FOR LEAVE TO OPEN AND MAINTAIN ACTION UNDER SEAL** |

Plaintiff First Time Videos LLC ("FTV") and Plaintiff Robert H. Simyar ("Mr. Simyar") (together "Plaintiffs") are seeking an *ex parte* temporary restraining order, without notice, to prohibit the Defendants from continuing to sell counterfeit DVDs that contain Plaintiffs' copyrighted content under Plaintiffs' federally registered FTV FIRST TIME VIDEOS trademarks. Plaintiffs are seeking an *ex parte* temporary restraining order without notice to because, as set forth more fully below, there is a substantial risk that, if provided with notice, the Defendants will move, hide, or destroy the counterfeit DVDs at issue, records of counterfeit DVD sales, or the instrumentalities used by the Defendants to copy, mass produce, and distribute the counterfeit DVDs at issue.

Accordingly, Plaintiffs hereby move the Court for leave to open and maintain this action

under seal and to file under seal: (1) the Civil Cover Sheet; (2) the proposed Summonses; (3) the Complaint; (4) their *ex parte* motion for temporary restraining order; (5) their motion for preliminary injunction; (6) the Declaration of Robert Simyar; (7) the Declaration of Michael J. McCue; (8), their proposed temporary restraining order; (9) their proposed preliminary injunction; (10) this motion; and (11) a proposed form of order granting this motion, until such time as the Court has had an opportunity to consider and rule on Plaintiffs' accompanying *ex parte* motion for temporary restraining order without notice.

## STATEMENT OF FACTS

Plaintiff First Time Videos LLC ("FTV") is a limited liability company formed under the laws of the State of Nevada, having its principal place of business at 7582 Las Vegas Boulevard South, Suite 134, Las Vegas, Nevada, 89123. (Compl. ¶ 4; Simyar Decl. ¶ 2.) Plaintiff Robert H. Simyar ("Mr. Simyar") is an individual who resides in Las Vegas, Nevada. (Compl. ¶ 5.) Mr. Simyar is the Managing Member of FTV. (*Id.*; Simyar Decl. ¶ 1.)

Defendant Superstar Media Labs, LLP ("SML") is an Arizona limited liability partnership. Upon information and belief, Superstar conducts business from 454 E. 52nd Street, Long Beach, California 90805-6404. (*Id.* ¶ 6.) Defendant Regan Scott Franks II ("Franks") is an individual who, upon information and belief, resides at 454 E. 52nd Street, Long Beach, California 90805-6404. (*Id.* ¶ 7.) Upon information and belief, Franks is the General Partner of SML. (*Id.*) Upon information and belief, Franks controls and directs the infringing activities of SML and profits from such infringing conduct. (*Id.*) Upon information and belief, Franks and SML are the alter egos of one another and each is liable for the acts of the other.

FTV is the exclusive owner of: (a) United States trademark registration number 3,264,607 for the FTV FIRST TIME VIDEOS mark for use in connection with "[e]ntertainment services, namely, providing an on-line subscription service featuring images and video recordings in the nature of adult entertainment and providing a website featuring images and video recordings in the nature of adult entertainment; production and distribution of adult entertainment recordings; and providing adult entertainment information."; and (b) United States trademark registration number 3,391,879 for the FTV FIRST TIME VIDEOS mark for use in connection with "[p]re-

recorded DVDs and downloadable video recordings featuring adult entertainment" (collectively, the "FTV Marks"). (Compl. ¶ 8; Simyar Decl. ¶¶ 3-4 & Exs. A & B.)

Based on Plaintiffs' ownership of United States trademark registrations for the FTV Marks and based upon Plaintiffs' continuous and extensive use of the FTV Marks in commerce since 2002, Plaintiffs own the exclusive right to use the FTV Marks in connection with the production, distribution, and sale of adult DVDs and adult videos. (Compl. ¶ 9; Simyar Decl. ¶ 6.)

Between 2004 and the Fall of 2008, in exchange for a percentage of revenues, FTV provided the Defendants with Plaintiffs' raw video footage and granted Defendants the right to produce finished DVDs and to distribute and sell the finished DVDs under Plaintiffs' federally registered FTV Marks. (Compl. ¶ 10; Simyar Decl. ¶ 7.) After experiencing repeated problems with Defendants' performance, including the production of poor quality DVDs and poor customer service, FTV terminated its agreement with the Defendants on November 1, 2008. (*Id.*)

After discovering that Defendants were continuing to distribute and sell counterfeit DVDs using Plaintiffs' content and the FTV Marks, on May 29, 2009, Plaintiffs' counsel sent the Defendants a cease and desist letter. (Compl. ¶ 11; Simyar Decl. ¶ 8; McCue Decl. ¶ 2 & Ex. A.) The letter demanded, among other things, that Defendants "[c]ease production, offering for sale and sale of any DVDs or other products using the FTV mark." (*Id.*)

On May 29, 2009, Franks responded to Plaintiffs' cease and desist letter, stating:

> I will make sure we have complied with everything you demand in your letter. We have already removed many FTVGirls titles from our inventory and I will make sure the remainder are deleted over the weekend and the domain transfer is initiated.

(Compl. ¶ 12; McCue Decl. ¶ 3 & Ex. B.)

On June 3, 2009, Franks sent Plaintiffs' counsel a follow-up email, stating:

> [W]e've have complied with all of your requirements. [D]omain changed all FTV titles are removed from the store and deleted from the system.

(Compl. ¶ 13; McCue Decl. ¶ 4 & Ex. C.)

Notwithstanding Defendants' representations, Defendants continued to use the FTV Marks on the Internet. (Compl. ¶ 14; Simyar Decl. ¶ 9; McCue Decl. ¶ 5.)

On June 4, 2009, Plaintiffs' counsel again wrote to Defendants concerning Defendants

continued use of the FTV Marks on Internet websites and identified several uses of the FTV Marks on Defendants' <dvdsuperstar.com> web site. (Compl. ¶ 15; Simyar Decl. ¶ 9; McCue Decl. ¶ 6 & Ex. D.)

On June 4, 2009, Franks responded, claiming that the continued use of the FTV Marks on the Internet was not intentional, and promising to take the <dvdsuperstar.com> site offline, stating: "Sorry about that, not intentional. I've gone ahead and taken that site offline." (Compl. ¶ 16; Simyar Decl. ¶ 9; McCue Decl. ¶ 7 & Ex. E.)

Notwithstanding Franks' claim that he had taken the <dvdsuperstar.com> website offline, FTV subsequently discovered that Defendants were continuing to use the FTV Marks to offer adult DVDs for sale on the <dvdsuperstar.com> website. (Compl. ¶ 17; Simyar Decl. ¶ 10; McCue Decl. ¶ 8.)

On June 25, 2009, Plaintiffs' counsel sent Defendants a second cease and desist letter via email. (Compl. ¶ 18; Simyar Decl. ¶ 10; McCue Decl. ¶ 8 & Ex. F.)

On June 30, 2009, Franks responded by again claiming that he was in the process of removing the FTV Marks and content from his website, stating:

> I have been working on this since receiving this email on the 25th. I am having to sort this out myself as I am unable to hire a tech person.
>
> At this time, I believe all FTVgirls images and references have been deleted.

(Compl. ¶ 19; Simyar Decl. ¶ 11; McCue Decl. ¶ 9 & Ex G.)

FTV subsequently confirmed that Defendants had complied with Plaintiffs' demands and FTV considered the matter resolved. (Compl. ¶ 20; Simyar Decl. ¶ 11.)

In May 2011, FTV discovered that Defendants were again using FTV Marks in connection with the sale of counterfeit DVDs featuring pirated FTV content. (Compl. ¶ 21; Simyar Decl. ¶ 12; McCue Decl. ¶¶ 10-13 & Ex. H.) This time, however, Defendants were selling counterfeit DVDs under the FTV Marks and using Plaintiffs' content on the web site accessible at <dvdhotties.com>. (*Id.*) The website contains an online store through which DVDs may be purchased. (*Id.*) Its main page contains a hyperlink denominated "ftvgirls" that takes the user to a section of the website devoted exclusively to the sale of DVDs that contain Plaintiffs' copyrighted

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

587649.1

content and bear the FTV Marks. (*Id.*) The website currently lists 219 "FTVGirl" titles for sale. (*Id.*) The web site is owned and operated by the Defendants. (*Id.*) However, in an effort to conceal this infringing conduct, Defendants utilized a technical measure to make the web site inaccessible to Plaintiffs or Plaintiff's counsel. (*Id.*) This has prevented Plaintiff and Plaintiffs' counsel from discovering the infringement. (*Id.*)

FTV also learned that Defendants are continuing to use the FTV Marks on the <dvdsuperstar.com> web site. (Compl. ¶ 22; Simyar Decl. ¶ 13; McCue Decl. ¶ 15 & Ex. J.) The links leading to the infringing conduct are not available on the home page. (*Id.*) However, the infringing content is on the <dvdsuperstar.com> web site and is accessible through links in Google search results. (*Id.*)

On or about May 20, 2011, FTV retained an investigator to order an FTV-branded DVD from Defendants' <dvdhotties.com> website. (Compl. ¶ 23; Simyar Decl. ¶ 14; McCue Decl. ¶ 14 & Ex. I.) On May 25, 2001, Defendants shipped the DVD by mail to the investigator's address in Henderson, Nevada. (*Id.*) The spine of the DVD case states "FTV FIRST TIME VIDEO GIRLS." (*Id.*) The cover of the DVD case states "FIRST TIME VIDEO GIRLS." (*Id.*) And the DVD disc itself states "FTV First Time Videos." (*Id.*) The shipping label states that the package was sent by "SUPERSTAR MEDIA LABS, 454 E. 52ND STREET, LONG BEACH, CA 90805-6404." (*Id.*)

In addition to the foregoing, the Defendants have accessed Plaintiffs' Internet website <ftvgirls.com> using the name "Regan Franks." (Compl. ¶ 24; Simyar Decl. ¶ 15.) The Defendants have willfully copied copyrighted content from the website, including adult video footage. (*Id.*; McCue Decl. ¶ 16 & Ex. K.) The Defendants have used the copied content to create and distribute adult videos and DVDs that are substantially similar to Plaintiffs' copyrighted content. (*Id.*) By doing so, the Defendants have willfully infringed Plaintiffs' copyrights.

## ARGUMENT

**I.   GOOD CAUSE EXISTS TO OPEN AND MAINTAIN THIS ACTION UNDER SEAL PENDING THE COURT'S RULING ON PLAINTIFFS' *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE.**

It is well recognized in counterfeiting cases that advance notice to the defendants of a motion for injunctive relief merely enables the defendants to transfer the counterfeit goods to another seller whose identity would be unknown or unobtainable. As the court in *In re Vuitton et Fils S.A.*, 606 F.2d at 1 (2d Cir. 1979) recognized, no notice should be given in such circumstances: "If notice is required, that notice all too often appears to serve only to render fruitless further prosecution of the action." *Id.* at 5.

In this case, if notice were given to the Defendants of the existence of this action or the relief Plaintiffs are seeking prior to the Court ruling on Plaintiffs' *ex parte* motion for temporary restraining order, it is very likely that Defendants will move, hide, or destroy the counterfeit DVDs at issue, records of sales of the counterfeit DVDs at issue, and the instrumentalities used by Defendants to copy, mass produce, and distribute the counterfeit DVDs at issue. Plaintiffs are entitled to seize all of this evidence in a trademark counterfeiting case. *See* 15 U.S.C. § 1116. An order allowing this action to be opened and maintained under seal pending the Court's consideration and ruling on Plaintiffs' ex parte motion for temporary restraining order is particularly appropriate given the Defendants conduct. As set forth above, the Defendants have made repeated promises to Plaintiff and to Plaintiffs' counsel that they would stop using Plaintiffs' federally registered FTV Marks in connection with the sale of adult DVDs. (Compl. ¶¶ 11-20; Simyar Decl. ¶¶ 7-11; McCue Decl. ¶¶ 2-9.) These promises have all been false as Defendants have continued to use Plaintiffs' FTV Marks to sell counterfeit DVDs. (*See id.*) Even worse, Defendants are now copying copyrighted content from Defendants' <ftvgirls.com> website and selling counterfeit DVDs containing Plaintiffs' copyrighted works. (Compl. ¶¶ 24; Simyar Decl. ¶ 15; McCue Decl. ¶ 11.)

Defendants have even gone so far as to implement technical measures designed to dupe Plaintiffs and their counsel into believing that Defendants stopped selling counterfeit DVDs on the Internet. As set forth in the accompanying declarations of Robert H. Simyar and Michael J. McCue, the Defendants have implemented technical measures to prevent Plaintiffs and Plaintiffs' counsel from accessing the <dvdhotties.com> website where the Defendants are and have been selling counterfeit FTV brand DVDs. (Compl. ¶ 21; Simyar Decl. ¶ 12; McCue Decl. ¶ 2-13.)

1  Given Defendants false promises, flagrant disregard of Plaintiffs' intellectual property rights, and
2  technical measures undertaken to avoid the discovery of their ongoing infringement, Plaintiffs
3  respectfully submit that good cause exists to allow Plaintiffs to open and maintain this action
4  under seal pending the Court's ruling on Plaintiffs' *ex parte* motion for temporary restraining
5  order.

## CONCLUSION

As the foregoing demonstrates, good cause exists to allow Plaintiffs to open and maintain this matter under seal until the Court has had an opportunity to consider and rule on Plaintiffs' *ex parte* motion for temporary restraining order.

Accordingly, Plaintiffs respectfully request that the Court enter an order granting Plaintiffs' leave to open and maintain this action under seal and to file under seal: (1) the Civil Cover Sheet; (2) the proposed Summonses; (3) the Complaint; (4) their *ex parte* motion for temporary restraining order; (5) their motion for preliminary injunction; (6) the Declaration of Robert Simyar; (7) the Declaration of Michael J. McCue; (8), their proposed temporary restraining order; (9) their proposed preliminary injunction; (10) this motion; and (11) a proposed form of order granting this motion, until the Court has had an opportunity to consider and rule on Plaintiffs' accompanying *ex parte* motion for temporary restraining order without notice.

DATED: this 15th day of June, 2011

Respectfully submitted,

LEWIS AND ROCA LLP

By: _____
Michael J. McCue
Jonathan W. Fountain
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiffs
FIRST TIME VIDEOS LLC and
ROBERT H. SIMYAR

MICHAEL J. McCUE (Bar No. 6055)
MMcCue@LRLaw.com
JONATHAN W. FOUNTAIN (Bar No. 10351)
JFountain@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiffs
FIRST TIME VIDEOS LLC and
ROBERT H. SIMYAR

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FIRST TIME VIDEOS LLC, a Nevada limited liability company and ROBERT H. SIMYAR, <br><br> Plaintiffs, <br><br> v. <br><br> SUPERSTAR MEDIA LABS, LLP, an Arizona limited liability partnership, and REGAN SCOTT FRANKS II, an individual, <br><br> Defendants. | Case No. <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO OPEN AND MAINTAIN ACTION UNDER SEAL** |

**UPON CONSIDERATION** of Plaintiffs' motion for leave to open and maintain this action under seal, Plaintiffs' motion for an *ex parte* temporary restraining order without notice, Plaintiffs' motion for preliminary injunction, the Declaration of Robert H. Simyar, the Declaration of Michael J. McCue, the memoranda of points and authorities supporting each of the foregoing motions, and for other good cause shown;

Plaintiffs' motion for leave to open and maintain this action under seal is hereby **GRANTED.** Plaintiffs' counsel shall appear in the office of the Clerk of the Court, shall pay the filing fee, and shall submit for filing an original and two paper copies of: (1) the Civil Cover Sheet; (2) the proposed Summonses; (3) the Complaint; (4) Plaintiffs' *ex parte* motion for temporary restraining order without notice; (5) Plaintiffs' motion for preliminary injunction; (6)

the Declaration of Robert Simyar; (7) the Declaration of Michael J. McCue; (8), Plaintiffs' proposed temporary restraining order; (9) Plaintiffs' proposed preliminary injunction; (10) Plaintiffs' motion for leave to open and maintain this action under seal; and (11) a proposed form of order granting Plaintiffs' motion for leave to open and maintain this action under seal. The Clerk of the Court is directed to receive these papers, to open a civil action under seal, and to maintain the action under seal pending further order of the Court.

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE

DATED: _____

-2-