MICHAEL J. McCUE (Bar No. 6055)
MMcCue@LRLaw.com
JONATHAN W. FOUNTAIN (Bar No. 10351)
JFountain@LRLaw.com
NIKKYA G. WILLIAMS (Bar No. 11484)
Nwilliams@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiffs
FIRST TIME VIDEOS LLC and
ROBERT H. SIMYAR

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FIRST TIME VIDEOS LLC, a Nevada limited liability company and ROBERT H. SIMYAR, <br><br> Plaintiffs, <br><br> v. <br><br> SUPERSTAR MEDIA LABS, LLP, an Arizona limited liability partnership, and REGAN SCOTT FRANKS II, an individual, <br><br> Defendants. | Case No. 2:11-cv-00992-KJD-LRL <br><br> **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiffs First Time Videos LLC and Robert H. Simyar (together, "FTV") hereby submit their reply in support of their motion for a preliminary injunction. Plaintiffs are likely to succeed on the merits of their claims because they have shown, and Defendants do not deny, that they have sold counterfeit DVDs bearing Plaintiffs' trademarks. Moreover, Defendants have filed no opposition to the present motion and have consented to the entry of a preliminary injunction.

/ / /

/ / /

/ / /

/ / /

## STATEMENT OF ADDITIONAL FACTS

Plaintiffs' counsel, Ms. Nikkya Williams, and a computer forensics expert, Mr. Rusty Sargent, conducted an inspection of Defendants' computer systems and storage media on June 23, 2011. (Declaration of Nikkya G. Williams ("Williams Decl.") ¶¶ 1-2.) During the inspection, Defendants produced numerous hard drives, totaling over 8 terabytes (TB) of capacity. (*Id.* ¶ 9.) Defendant Regan Scott Franks ("Mr. Franks") produced a 2 TB drive that he indicated contained everything in Defendants' possession related to FTV. (*Id.* ¶ 3.) Mr. Sargent, the computer forensics expert, discovered other FTV-related images on a 1.5 TB hard drive and 250 GB hard drive connected to Defendants' computer. (*Id.* ¶ 6.) Mr. Franks also produced six (6) backup drives that Defendants indicated contained FTV-related material and five (5) older hard drives that possibly contained FTV-related material. (*Id.* ¶¶ 7-8.) Mr. Franks further produced 54 mini DV tapes that he indicated were FTV-related materials that he had had in his possession from when the parties were originally in business together. (*Id.* ¶ 10.) Mr. Franks also indicated that he printed DVD labels and inserts on demand when he received an order and did not have any inventory of FTV-related packaging materials currently. (*Id.* ¶ 11.)

During the inspection, Mr. Franks communicated to Plaintiffs' counsel that he agreed with the temporary restraining order, had complied and would continue to comply with the Court's order, and would not object to the entry of a preliminary injunction. (*Id.* ¶ 12.) At no time did Mr. Franks object to the inspection or deny any of the allegations in the Complaint, motion for temporary restraining order or motion for preliminary injunction.

## ARGUMENT

### I. PLAINTIFFS ARE LIKELY TO SUCCEED ON THEIR TRADEMARK COUNTERFEIRING CLAIM.

A plaintiff may establish a *prima facie* claim for trademark infringement by showing that he rightfully owns the marks at issue and that there is a likelihood of confusion among the consuming public from the defendant's use of the mark. *Jockey Club, Inc. v. Jockey Club of Las Vegas*, 595 F.2d 1167 (9th Cir. 1979). Here, Plaintiffs own federal registrations for the FTV marks. (Compl. ¶ 21.) As explained more fully in Plaintiffs' motion, Defendants have been

1  selling counterfeit DVDs bearing Plaintiffs' marks. (*See* Motion for Preliminary Injunction, 9:11-
10:11.) During the inspection, Defendants admitted to having FTV-related material from which to make copies and a review of Defendants' hard drives revealed videos bearing the FTV trademarks. (Williams Decl. ¶¶ 3, 6.) Defendants have not denied that they have sold unauthorized copies of FTV's works using the FTV Marks nor have they denied that they sent a counterfeit DVD to Plaintiffs' investigator. Defendants are using the FTV Marks themselves to sell counterfeit products. There is a clear likelihood of confusion between identical marks. Accordingly, Plaintiffs are likely to succeed on the merits of their trademark claims.

## II. DEFENDANTS HAVE CONSENTED TO THE GRANTING OF THE PRELIMINARY INJUNCTION.

In addition to the likelihood of success on the merits of their claims, Plaintiffs are entitled to the relief they seek by virtue of the fact that Defendants failed to file any brief in response to Plaintiffs' motion for preliminary injunction. Local Rule 7-2(d) reads in part, "[t]he failure of an opposing party to file points and authorities in response to any motion <u>shall</u> constitute a consent to the granting of the motion." (Emphasis added.) Here, Defendants failed to file a memorandum in opposition to the issuing of a preliminary injunction and have thereby consented to the granting of the requested injunction. Additionally, Defendant Franks indicated to Plaintiffs' counsel that he agreed to the entry of a preliminary injunction. (Williams Decl. ¶ 12.)

### CONCLUSION

Plaintiffs have demonstrated that they are likely to succeed on the merits of their claims, are likely to be harmed if the preliminary injunction is not granted, that the balance of equities tips in their favor and that the preliminary injunction is in the public interest. Plaintiffs have met their burden and granting the preliminary injunction is only proper.

/ / /

/ / /

/ / /

/ / /

/ / /

1  Based on the foregoing points and authorities, Plaintiffs request that the Court grant a
2  preliminary injunction pending adjudication on the merits.
3  Dated: this 27th day of June, 2011

Respectfully submitted,

LEWIS AND ROCA LLP

By: _____
Michael J. McCue
Jonathan W. Fountain
Nikkya G. Williams
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiffs
FIRST TIME VIDEOS LLC and
ROBERT H. SIMYAR

## CERTIFICATE OF SERVICE

Pursuant to permission obtained from the Court by telephone on June 27, 2011, I hereby certify that on June 27, 2011, I caused an email, with copies of the documents titled **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** and **DECLARATION OF NIKKYA G. WILLIAMS** and the exhibits thereto attached, to be sent to Defendant Regan Scott Franks at scottfranks@gmail.com, an email through which I have communicated with Mr. Franks previously. I also caused a copy of the above-referenced documents to be submitted via fax to the Court.

Dated June 27, 2011.

_____
Jonathan Fountain

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

589668.1