MICHAEL J. McCUE (Bar No. 6055)
MMcCue@LRLaw.com
JONATHAN W. FOUNTAIN  (Bar No. 10351)
JFountain@LRLaw.com
NIKKYA G. WILLIAMS (Bar No. 11484)
Nwilliams@LRLaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada  89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiffs
FIRST TIME VIDEOS LLC and
ROBERT H. SIMYAR

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FIRST TIME VIDEOS LLC, a Nevada limited liability company and ROBERT H. SIMYAR,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERSTAR MEDIA LABS, LLP, an Arizona limited liability partnership, and REGAN SCOTT FRANKS II, an individual,<br><br>Defendants. | Case No. 2:11-cv-00992-KJD-LRL<br><br>**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS SUPERSTAR MEDIA LABS, LLP AND REGAN SCOTT FRANKS II** |

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiffs First Time Videos LLC and Robert Simyar (together "Plaintiffs") respectfully move the Court to enter the default of Defendants Superstar Media Labs, LLP ("Superstar") and Regan Scott Franks II ("Franks"). This motion is supported by the following memorandum of points and authorities, by the accompanying Declaration Of Jonathan W. Fountain In Support Of Plaintiffs' Motion For Entry Of Default Against Defendants Superstar Media Labs, LLP And Regan Scott Franks II, (the "Fountain Decl."), by the papers and pleadings on file in this action, and by any oral argument the Court may allow.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Rule 55 of the Federal Rules of Civil Procedure governs the entry of defaults and default

judgments. With respect to the entry of defaults, it states the following: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

In this case, the Clerk of the Court should enter the default of Franks and Superstar because they have each been properly served with the Summons and Complaint and because they have each failed to plead or otherwise defend within the time provided for by the Federal Rules of Civil Procedure.

First, copies of the Summons and Complaint were properly served upon Franks and Superstar. With respect to Franks, under the Federal Rules of Civil Procedure, an individual located in the United States may be served by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(1). Copies of the Summons directed to Superstar, the Summons directed to Franks, and the Complaint were hand delivered to Franks on June 20, 2011. (*See* Docket No. 13 at p. 1, ll. 20-21.) Because Franks is an individual located in the United States and because a copy of the summons and complaint was personally delivered to him, he has been properly served. With respect to Superstar, under the Federal Rules of Civil Procedure, a corporation, partnership, or association may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). Superstar is an Arizona limited liability partnership. (*See* Fountain Decl. ¶ 4 & Ex. A.) Franks is both its general partner and its registered agent for service of process. (*Id*.) Because Franks is the general partner of Superstar, and because a copy of the Summons and Complaint was personally delivered to Franks, Superstar has also been properly served.

Second, the time for Franks and Superstar to answer or otherwise respond to the Complaint has long since expired. Under Rule 12 of the Federal Rules of Civil Procedure, an answer or other response to the Complaint is due 21 days after service of the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: (A) A defendant must

serve an answer: (i) within 21 days after being served with the summons and complaint."). As set forth above, copies of the Summons and Complaint were served upon Franks and Superstar via hand delivery on June 20, 2011. Accordingly, the deadline for Franks and Superstar to file and serve an answer or other response to the Complaint was 21 days after that date, or July 11, 2011.

Although the parties have been engaged in settlement discussions, at no time has Franks or Superstar requested, Plaintiffs granted, or the Court ordered, any extension of the time for Franks or Superstar to answer or otherwise respond to the Complaint. (*See* Fountain Decl. ¶ 5.) Settlement discussions have broken down due to Franks' and Superstar's failure to timely provide financial information as requested by Plaintiffs. (*Id*.) Accordingly, on Monday, August 8, 2011, Plaintiffs' counsel notified Franks and Superstar that Plaintiffs would file a motion for entry of default if Franks and Superstar did not file an answer or other response to the Complaint by Wednesday, August 10, 2011. (*Id*. & Ex. B.)

To date, however, neither Franks nor Superstar has filed an answer or otherwise responded to the Complaint. (*Id*. ¶ 6.)

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Clerk of the Court enter the default of Defendants Superstar and Franks.

Dated: this 12th day of August, 2011

Respectfully submitted,

LEWIS AND ROCA LLP

By:   /s/Jonathan W. Fountain
Michael J. McCue
Jonathan W. Fountain
Nikkya G. Williams
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398

Attorneys for Plaintiffs
FIRST TIME VIDEOS LLC and
ROBERT H. SIMYAR

# CERTIFICATE OF SERVICE

I, Jonathan W. Fountain, hereby certify that on August 12, 2011, I filed a copy of the foregoing document entitled PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS SUPERSTAR MEDIA LABS, LLP AND REGAN SCOTT FRANKS II, via the Court's CM/ECF system, which will send electronic notice to the following counsel of record:

Michael J. McCue, Esq.  
MMcCue@LRLaw.com  
LEWIS AND ROCA LLP  
3993 Howard Hughes Parkway  
Suite 600  
Las Vegas, NV 89169  

Jonathan W. Fountain, Esq.  
JFountain@LRLaw.com  
LEWIS AND ROCA LLP  
3993 Howard Hughes Parkway  
Suite 600  
Las Vegas, NV 89169  

I hereby further certify that on August 12, 2011, I served a copy of the foregoing document, entitled PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS SUPERSTAR MEDIA LABS, LLP AND REGAN SCOTT FRANKS II, via first-class, United States mail, upon the following non-CM/ECF users:

Regan Scott Franks II  
454 E. 52nd Street  
Long Beach, CA 90805  

Superstar Media Labs, LLP  
454 E. 52nd Street  
Long Beach, CA 90805  

Dated: this 12th day of August, 2011

/s/Jonathan W. Fountain  
An employee of Lewis and Roca LLP