UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FIRST TIME VIDEOS LLC, a Nevada limited liability company and ROBERT H. SIMYAR,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERSTAR MEDIA LABS, LLP, an Arizona limited liability partnership, and REGAN SCOTT FRANKS II, an individual,<br><br>Defendants. | Case No. 2:11-CV-992-KJD-LRL<br><br>**FINAL JUDGMENT BY DEFAULT AND PERMANENT INJUNCTION** |

Presently before the Court is Plaintiffs' Motion For Default Judgment And Permanent Injunction. The Court, having considered Plaintiffs' motion, the accompanying memorandum of points and authorities, the Declaration Of Jonathan W. Fountain In Support Of Plaintiffs' Motion For Default Judgment And Permanent Injunction, the exhibits attached thereto, the papers and pleadings on file in this case, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiffs' Motion For Default Judgment And Permanent Injunction is GRANTED.

**I.     Default Judgment**

THE COURT FINDS that Defendant Regan Scott Franks II ("Franks") and Defendant Superstar Media Labs, LLP ("Superstar") were regularly served with the Summons and

-1-

598731.1

Complaint in this action but have failed to appear and answer the Complaint within the period prescribed by law, that the default of Franks and Superstar was duly entered by the Clerk of the Court on August 15, 2011, and that Plaintiffs are entitled to affirmative relief against the Defendants. Based upon the foregoing findings, and good cause appearing therefor;

IT IS HEREBY ORDERED that Plaintiffs First Time Videos LLC and Robert H. Simyar, also known as Hooman Simyar, be awarded judgment against Defendants Franks and Superstar on Plaintiffs' Complaint, as follows:

A.  Statutory damages in the amount of `$1,000,000.00`;

B.  Attorneys' fees in the amount of $27,176.75;

C.  Costs in the amount of $13,039.31; and

D.  Post-Judgment interest on the principal sum at the `judgment rate` from the date of the entry of the Judgment until paid in full.

**II.  Permanent Injunction**

IT IS HEREBY FURTHER ORDERED that Franks and Superstar, including, without limitation, all of Superstar's partners, officers, agents, servants, employees and all other persons acting in concert or participation with Franks or with Superstar are hereby permanently restrained and enjoined from:

1.  Using the FTV FIRST TIME VIDEOS mark (the "FTV Mark") or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs (including, but not limited to, the FTV Mark) in commerce (including, but not limited to, on any website or within hidden text or metatags contained on or within any website, including the <dvdhotties.com> website and the <dvdsuperstar.com> website), in domain names, on or in connection with DVDs, on or in connection with videos displayed on the Internet, and on or in connection with videos downloadable from the Internet; and

2.  Registering or trafficking in any domain name containing the FTV Mark or any confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs.

IT IS HEREBY FURTHER ORDERED that within thirty (30) days after receiving notice

of this judgment, Defendants shall offer up to Plaintiffs' counsel for destruction:

    1. All products bearing the FTV Mark;

    2. All copies (whether on DVDs, hard drives or other storage media) of adult video footage or photographs bearing the FTV Mark;

    3. All copies (whether on DVDs, hard drives or other storage media) of adult video footage or photographs bearing the FTV Mark used to create counterfeit adult video products bearing the FTV Mark;

    4. All labels, packaging, DVD cases, DVD inserts, or other materials used in connection with or as part of the production of any counterfeit product bearing the FTV Mark; and

    5. All apparatus, equipment, and machines (including, but not limited to, computers, hard drives, storage devices, DVD burners, and printers) used by Defendants in connection with the creation of counterfeit products bearing the FTV Mark.

**III.   Refund of Security Deposit**

IT IS HEREBY FURTHER ORDERED that the Clerk of the Court shall refund to Plaintiffs the $100 deposited by Plaintiffs as security for the temporary restraining order and preliminary injunction entered in this case.

ENTERED: this 6th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE